**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERMAURA WRIGHT, ) | Case No. CV 19-2566-JVS (JPR) |
| Plaintiff, ) | |
| ) | ORDER DISMISSING ACTION FOR |
| v. ) | FAILURE TO PROSECUTE |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| ——————————————— ) | |

On April 4, 2019, Plaintiff pro se filed a Complaint challenging the denial of Social Security disability benefits. On April 9, the Magistrate Judge issued a case-management order, which advised Plaintiff of the availability of legal help from the pro se clinics. As required by the case-management order, on May 13, Plaintiff filed a proof of service of the Complaint on Defendant.

On September 23, after Defendant had failed to timely appear, the Magistrate Judge ordered Plaintiff to show cause why her lawsuit should not be dismissed for failure to prosecute because she had not filed a request for the Clerk to enter

default.  She ordered Plaintiff to move for entry of default
within 10 days — or no later than October 3 — or show cause in
writing why her lawsuit should not be dismissed.  She
specifically warned Plaintiff that if she did not timely do
either, "the action will likely be dismissed."  To date Plaintiff
has neither moved for entry of default nor shown cause why she
has not.

Courts may dismiss lawsuits that are not diligently
prosecuted.  See Link v. Wabash R.R., 370 U.S. 626, 629-30
(1962); Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per
curiam).  In determining whether to dismiss a plaintiff's action
for failure to prosecute, a court must consider "(1) the public's
interest in expeditious resolution of litigation; (2) the court's
need to manage its docket; (3) the risk of prejudice to the
defendants; (4) the public policy favoring disposition of cases
on their merits[;] and (5) the availability of less drastic
sanctions."  Carey, 856 F.2d at 1440 (citation omitted).
Unreasonable delay creates a rebuttable presumption of prejudice
to the defendant that can be overcome only with an affirmative
showing of just cause by the plaintiff.  See In re Eisen, 31 F.3d
1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors
militate in favor of dismissal.  In particular, Plaintiff has not
responded to the order to show cause, which expressly warned her
that if she did not her lawsuit would likely be dismissed, and
she therefore has not rebutted the presumption of prejudice to
Defendant.  No less drastic sanction is available, as Plaintiff
has ceased communicating with the Court and as a result it cannot

2

manage its docket; the Court cannot simply leave Plaintiff's lawsuit hanging around until one side or the other decides to take some untimely action. Although the fourth factor weighs against dismissal — as it always does — the other factors together outweigh the public's interest in disposing of the case on its merits. See Long v. Astrue, 416 F. App'x 633, 634 (9th Cir. 2011) (upholding dismissal of Social Security action for failure to prosecute when plaintiff had not served summons and did not show cause for his failure to do so).

Plaintiff has failed to prosecute this action without demonstrating good cause, and it must therefore be DISMISSED. LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 15, 2019

_____
JAMES V. SELNA
U.S. DISTRICT JUDGE